B27 (Official Form27) (12/09)

FILED APR 26 '10 AM 9:30 USBC-GBO

United States Bankruptcy Court
MIDDLE District of NORTH CAROLINA

In re  MARVIN O MORAN
            Debtor                                    Case No. 10-80162
                                                      Chapter 7

## REAFFIRMATION AGREEMENT COVER SHEET

This form must be completed in its entirety and filed, with the reaffirmation agreement attached, within the time set under Rule 4008. It may be filed by any party to the reaffirmation agreement.

1. Creditor's Name: American Honda Finance Corp.

2. Amount of the debt subject to this reaffirmation agreement:
   $7,314.69 on the date of bankruptcy    $7,321.02 to be paid under reaffirmation agreement

3. Annual percentage rate of interest: 7.94% prior to bankruptcy
   7.94% under reaffirmation agreement ( ✓ Fixed Rate __ Adjustable Rate)

4. Repayment terms (if fixed rate): $547.39 per month for 14 months

5. Collateral, if any, securing the debt: Current market value: $16,250
   Description: 2005 HONDA ODYSSEY VIN: 5FNRL38405B051773

6. Does the creditor assert that the debt is nondischargeable?  __ Yes  ✓ No
(If yes, attach a declaration setting forth the nature of the debt and basis for the contention that the debt is nondischargeable.)

Debtor's Schedule I and J Entries

Debtor's Income and Expenses
as Stated on Reaffirmation Agreement

7A. Total monthly income from     $ 4,748.36    7B. Monthly income from all         $ 4,748.36
    Schedule I, line 16                              sources after payroll deductions

8A. Total monthly expenses from   $ 4,828.40    8B. Monthly expenses                $ 4,828.40
    Schedule J, line 18

9A. Total monthly payments on     $ -80.40      9B. Total monthly payments on       $ 0
    reaffirmed debts not listed on                   reaffirmed debts not included in
    Schedule J                                       monthly expenses

                                                10B. Net monthly income             $ -80.40
                                                     (Subtract sum of lines 8B and 9B from
                                                     line 7B. If total is less than zero, put the
                                                     number in brackets.)

B27 (Official Form27) (12/09)

11. Explain with specificity any difference between the income amounts (7A and 7B):

   No there is no defference between the income amounts
   _____

12. Explain with specificity any difference between the expense amounts (8A and 8B):

   No there is no defference between the expenses amounts
   _____

   If line 11 or 12 is completed, the undersigned debtor, and joint debtor if applicable, certifies that any explanation contained on those lines is true and correct.

   *Marvin Orlando Moran* _____   _____
   Signature of Debtor (only required if                    Signature of Joint Debtor (if applicable, and only
   line 11 or 12 is completed)                              required if line 11 or 12 is completed)

Other Information

☐  Check this box if the total on line 10B is less than zero. If that number is less than zero, a presumption of undue hardship arises (unless the creditor is a credit union) and you must explain with specificity the sources of funds available to the Debtor to make the monthly payments on the reaffirmed debt: _____
_____

Was debtor represented by counsel during the course of negotiating this reaffirmation agreement?
   _____Yes  __✓__No

If debtor was represented by counsel during the course of negotiating this reaffirmation agreement, has counsel executed a certification (affidavit or declaration) in support of the reaffirmation agreement?
   _____Yes  _____No

## FILER'S CERTIFICATION

   I hereby certify that the attached agreement is a true and correct copy of the reaffirmation agreement between the parties identified on this Reaffirmation Agreement Cover Sheet.

                           _____
                           Signature

                           <u>Tyler V.-Bankruptcy Collector</u>
                           Print/Type Name & Signer's Relation to Case

FILED APR 26 '10 AM 9:30 USBC-GBO

Check one.
☒ **Presumption of Undue Hardship**
☐ **No Presumption of Undue Hardship**
*See Debtor's Statement in Support of Reaffirmation, Part II below, to determine which box to check.*

# UNITED STATES BANKRUPTCY COURT
## MIDDLE District of NORTH CAROLINA

In re: MARVIN O MORAN                              Case No. 10-80162

*Debtor(s)*                                        Chapter 7

## REAFFIRMATION DOCUMENTS

**Name of Creditor:** American Honda Finance Corporation

☐ Check this box if Creditor is a Credit Union

### PART I. REAFFIRMATION AGREEMENT

**Reaffirming a debt is a serious financial decision. Before entering into this Reaffirmation Agreement, you must review the important disclosures, instructions, and definitions found in Part V of this form.**

A. Brief description of the original agreement being reaffirmed: Auto Loan

*For example, auto loan*

B. **AMOUNT REAFFIRMED**:    $7,321.02

The Amount Reaffirmed is the entire amount that you are agreeing to pay. This may include unpaid principal, interest, and fees and costs (if any) arising on or before \_\_\_\_«Date»\_\_\_\_, which is the date of the Disclosure Statement portion of this form (Part V).

*See the definition of "Amount Reaffirmed" in Part V, Section C below.*

C. The **ANNUAL PERCENTAGE RATE** applicable to the Amount Reaffirmed is 7.94%.

*See definition of "Annual Percentage Rate" in Part V, Section C below.*

This is a *(check one)*   ☒ Fixed rate       ☐ Variable rate

If the loan has a variable rate, the future interest rate may increase or decrease from the Annual Percentage Rate disclosed here.

D. Reaffirmation Agreement Repayment Terms *(check and complete one)*:

4. Reaffirmation Agreement Repayment Terms:

☒ If fixed term, $547.39 per month for 14 months starting on 2/11/2010.

☐ If not fixed term, describe repayment terms: _____.

5. Describe the collateral, if any, securing the debt:

   Description: **2005 HONDA ODYSSEY VIN: 5FNRL38405B051773**
   Current Market Value **$16,250 NADA**

6. Did the debt that is being reaffirming arise from the purchase of the collateral described above?

   ☒ Yes    ☐ No

   If yes, what was the purchase price for the collateral? **$31,169.23**
   If no, what was the amount of the original loan? $_____

7. Detail the changes made by this Reaffirmation Agreement to the most recent credit terms on the reaffirmed debt and any related agreement:

|  | Terms as of the Date of Bankruptcy | Terms After Reaffirmation |
|---|---|---|
| Balance due (including fees and costs) | $ NA | $ NA |
| Annual Percentage Rate | NA % | NA % |
| Monthly Payment | $ NA | $ NA |

8. ☐ Check this box if the creditor is agreeing to provide you with additional future credit in connection with this Reaffirmation Agreement. Describe the credit limit, the Annual Percentage Rate that applies to future credit and any other terms on future purchases and advances using such credit: _____

## II. DEBTOR'S STATEMENT IN SUPPORT OF REAFFIRMATION AGREEMENT

1. Were you represented by an attorney during the course of negotiating this agreement?

   Check one. ☐ Yes ☑ No

2. Is the creditor a credit union?

   Check one. ☐ Yes ☑ No

3. If your answer to EITHER question 1. or 2. above is "No" complete a. and b. below.

   a.. My present monthly income and expenses are:

   i. Monthly income from all sources after payroll deductions
   (take-home pay plus any other income)                                    $ 4748.36

   ii. Monthly expenses (including all reaffirmed debts except
   this one)                                                                $ 4281.01

   iii. Amount available to pay this reaffirmed debt (subtract ii. from i.) $ 467.35

   iv. Amount of monthly payment required for this reaffirmed debt          $ 547.39

*If the monthly payment on this reaffirmed debt (line iv.) **is greater than** the amount you have available to pay this reaffirmed debt (line iii.), you must check the box at the top of page one that says "Presumption of Undue Hardship." Otherwise, you must check the box at the top of page one that says "No Presumption of Undue Hardship."*

   b. I believe this reaffirmation agreement will not impose an undue hardship on my dependents or on me because:

   Check one of the two statements below, if applicable:

   ☐ I can afford to make the payments on the reaffirmed debt because my monthly income is greater than my monthly expenses even after I include in my expenses the monthly payments on all debts I am reaffirming, including this one.

   ☐ I can afford to make the payments on the reaffirmed debt even though my monthly income is less than my monthly expenses after I include in my expenses the monthly payments on all debts I am reaffirming, including this one, because: _____
   _____

   Use an additional page if needed for a full explanation.

4. If your answers to BOTH questions 1. and 2. above were "Yes," check the following statement, if applicable:

   ☑ I believe this reaffirmation agreement is in my financial interest and I can afford to make the payments on the reaffirmed debt.

*Also, check the box at the top of page one that says "No Presumption of Undue Hardship."*

**III. CERTIFICATION BY DEBTOR(S) AND SIGNATURES OF PARTIES**

I (We) hereby certify that:

    i. I (We) agree to reaffirm the debt described above.

    ii. Before signing this reaffirmation agreement, I (we) read the terms disclosed in this Reaffirmation Agreement (Part I) and the Disclosure Statement, Instructions and Definitions included in Part V below;

    iii. The Debtor's Statement in Support of Reaffirmation Agreement (Part II above) is true and complete;

    iv. I am (We are) entering into this agreement voluntarily and fully informed of my (our) rights and responsibilities; and

    v. I (We) have received a copy of this completed and signed Reaffirmation Documents packet.

SIGNATURE(S):

Date 3/16/10      Signature *Marvin Orlando Moran*
                                            Debtor

Date _____      Signature _____
                                      Joint Debtor, if any

If a joint reaffirmation agreement, both debtors must sign.

**Reaffirmation Agreement Terms Accepted by Creditor:**
Creditor
    American Honda Finance Corporation     P.O. Box 168088, Irving, TX 75016-8088

    Tyler V._____        *[signature]*           2/2/2010
    Print Name of Representative          Signature           Date

**IV. CERTIFICATION BY DEBTOR'S ATTORNEY (IF ANY)**

*To be filed only if the attorney represented the debtor during the course of negotiating this agreement.*

I hereby certify that: (1) this agreement represents a fully informed and voluntary agreement by the debtor; (2) this agreement does not impose an undue hardship on the debtor or any dependent of the debtor; and (3) I have fully advised the debtor of the legal effect and consequences of this agreement and any default under this agreement.

☐ A presumption of undue hardship has been established with respect to this agreement. In my opinion, however, the debtor is able to make the required payment.

*Check box, if the presumption of undue hardship box is checked on page 1 and the creditor is not a Credit Union.*

Date _____      Signature of Debtor's Attorney_____

                           Print Name of Debtor's Attorney _____

# UNITED STATES BANKRUPTCY COURT
## MIDDLE District of NORTH CAROLINA

In re MARVIN O MORAN
      Debtor(s).

Bankruptcy Case No.: 10-80162
Chapter 7

## MOTION FOR APPROVAL OF REAFFIRMATION AGREEMENT

I (we), the debtor(s), affirm the following to be true and correct:

I am not represented by an attorney in connection with this reaffirmation agreement.

I believe this reaffirmation agreement is in my best interest based on the income and expenses I have disclosed in my Statement in Support of Reaffirmation Agreement, and because (provide any additional relevant reasons the court should consider):

Therefore, I ask the court for an order approving this reaffirmation agreement under the following provisions (*check all applicable boxes*):

☐ 11 U.S.C. § 524(c)(6) (debtor is not represented by an attorney during the course of the negotiation of the reaffirmation agreement)

☐ 11 U.S.C. § 524(m) (presumption of undue hardship has arisen because monthly expenses exceed monthly income, as explained in Part II of Form B240A, Reaffirmation Documents)

Signed: /s/ Marvin Alard Moran
(Debtor)

_____
(Joint Debtor, if any)

Date: 3/16/10

# HONDA
**Financial Services**

**AUTOMOBILE - SIMPLE INTEREST**
**RETAIL INSTALLMENT CONTRACT - CONSUMER CREDIT DOCUMENT**
**NORTH CAROLINA**

Contract Date: February 25, 2005
Account Number: 005108877

REVIEWED
MAR 0 2 2005
DISCOUNTING DEPT

**BUYER** (called "YOU" or "YOUR" in this Contract)

Name (Primary Buyer): MARVIN ORLANDO MORAN JUAREZ
Name (Buyer):
Address: 3044 CORNSILK DR
City: SANFORD   State: NC   Zip Code: 27332

**SELLER-CREDITOR** (called "WE" or "US" in this Contract)

Dealer #: 207925
Name: Sanford Honda
Address: 3130 S. Horner Blvd.
City: Sanford   State: NC   Zip Code: 27330

### THE VEHICLE IS:

| NEW or USED | MODEL YEAR | MAKE | ODOMETER READING | MODEL | IDENTIFICATION NO. (Complete Serial No.) | KEY CODE |
|---|---|---|---|---|---|---|
| NEW | 2005 | HONDA | 22 | ODYSSEY | 5FNRL38405B051773 | 000K336/000K3 |

### AUTOMOBILE EQUIPMENT INCLUDED

Including Standard Manufacturer Installed Features (unless replaced by upgraded equipment) and the Following Dealer Installed Options:
___ Air Conditioning  ___ Leather Interior  ___ Power Moonroof  ___ Custom Wheels  ___ Rear Wing Spoiler  ___ Alarm System
Audio System Includes: ___ AM/FM Stereo  ___ AM/FM Stereo with Cassette Player  ___ Cassette Player  ___ CD Changer  ___ CD Player
Other Dealer Installed Options: _____

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE. The cost of your credit as a yearly rate. | FINANCE CHARGE. The dollar amount the credit will cost you. | Amount Financed. The amount of credit provided to you or on your behalf. | Total of Payments. The amount you will have paid after you have made all payments as scheduled. | Total Sale Price. The total cost of your purchase on credit, including your downpayment of $ 0.00 |
|---|---|---|---|---|
| 7.94 % | $ 8,242.85 | $ 31,169.23 | $ 39,412.08 | $ 39,412.08 |

**YOUR PAYMENT SCHEDULE WILL BE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | WHEN PAYMENTS ARE DUE |
|---|---|---|
| 72 | 547.39 | MONTHLY, BEGINNING April 11, 2005 |

**LATE CHARGE:** If a payment is more than 10 days late, you will be charged 5% of the unpaid portion of the payment or $6.00, whichever is less.
**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.
**SECURITY:** You are giving a Security Interest in the Vehicle being purchased.
**NOTE:** See the reverse side of this document for additional information about nonpayment, default, checks returned for insufficient funds, any repayment in full before the scheduled date and prepayment refunds.

**INSURANCE AGAINST LIABILITY FOR BODILY INJURY OR PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS TRANSACTION.**

**PHYSICAL DAMAGE INSURANCE ON THE VEHICLE IS REQUIRED TO OBTAIN CREDIT. BUYER MAY OBTAIN SUCH INSURANCE FROM ANYONE CHOSEN BY BUYER ACCEPTABLE TO SELLER.**

### INSURANCE

Buyer voluntarily requests the credit insurance checked below, if any, and understands that such insurance is not required to obtain credit. Buyer acknowledges disclosure of the cost of such insurance and authorizes it to be included in the balance payable under this Contract.

| TYPE | PREMIUM | TERM |
|---|---|---|
| Credit Life | $ n.a. | n.a. |
| Joint Life | $ n.a. | n.a. |
| Credit Disability | $ n.a. | n.a. |
| TOTAL PREMIUMS | $ n.a. | |

☐ Buyer wants Credit Life Insurance.

n.a. _____
Date   Primary Buyer (Signature)

n.a. _____
Date   Buyer (Signature)

☐ Buyer wants Credit Disability Insurance (Primary Buyer Only).

n.a. _____
Date   Primary Buyer (Signature)

**TOTAL INSURANCE PREMIUMS ARE DESCRIBED IN ITEM 4.**

### ITEMIZATION OF AMOUNT FINANCED

1. **CASH PRICE**
   A. Vehicle (including accessories, delivery, and installation charges) .......... $ 30,721.08 (1A)
   B. Documentation Preparation Charge .......... $ n.a. (1B)
   C. Sales Tax .......... $ 402.15 (1C)
   D. Total Cash Sales Price (1A plus 1B plus 1C) .......... $ 31,123.23 (1D)
2. **DOWNPAYMENT**
   A. Manufacturer's Rebate (if any) .......... $ n.a. (2A)
   B. Cash Downpayment .......... $ n.a. (2B)
   C. Total Cash Portion Of Downpayment (2A plus 2B) .......... $ n.a. (2C)
   Trade-In Description/Allowance
   Description: Yr 2003 Make NISSAN
   Model FRONTIER VIN 1N6ED29Y63C442389
   D. Trade-In Allowance .......... $ 17,027.08 (2D)
   E. Amount Owed on Trade-In
   Owed to: FIRST BANK .......... $ 17,027.08 (2E)
   F. Net Trade-in (2D minus 2E) (Disclose as zero if negative) .......... $ 0.00 (2F)
   G. Amount to Finance
   (If 2D minus 2E is negative, see 4I below. Amount not included in #3) .......... $ n.a. (2G)
   H. Total Downpayment (2C plus 2F) .......... $ 0.00 (2H)
3. **TOTAL UNPAID CASH BALANCE** (1D minus 2H) .......... $ 31,123.23 (3)
4. **AMOUNTS PAID TO OTHERS ON YOUR BEHALF**
   Insurance/Service Agreement
   A. Credit Life Premium** .......... $ n.a. (4A)
   B. Credit Disability Premium** .......... $ n.a. (4B)
   C. Extended Service Contract** .......... $ n.a. (4C)
   D. Other**: n.a. .......... $ n.a. (4D)
   Official Fees
   E. Registration Fees .......... $ 10.00 (4E)
   F. Title/Lien Fees .......... $ 36.00 (4F)
   G. Other Official Fees .......... $ n.a. (4G)
   H. Other Official Fees .......... $ n.a. (4H)
   Other Charges
   I. Outstanding Balance on Trade-In Paid to: (see 2G above) n.a. .......... $ n.a. (4I)
   J. To n.a. for n.a. .......... $ n.a. (4J)
   K. To n.a. for n.a. .......... $ n.a. (4K)
   L. Total Amounts Paid On Your Behalf (4A through 4K) .......... $ 46.00 (4L)
5. **AMOUNT FINANCED** (3 plus 4L) .......... $ 31,169.23 (5)

**Seller may be retaining a portion of these amounts.

**AGREEMENT:** The undersigned Seller agrees to sell and the undersigned Buyer, jointly and severally if more than one, agrees to purchase the Vehicle (together with all equipment included) and services described above, subject to the terms of this Contract.

**PROMISE TO PAY:** Buyer promises to pay Seller, at the above address, or other address that may be specified, the Amount Financed shown above, plus finance charges at the Annual Percentage Rate shown above computed on the unpaid balance outstanding from time to time; plus any applicable delinquency, dishonored payment and other charges provided in this Contract or otherwise provided by law. Monthly payments are due in the amount and at the times shown above; the final payment will be adjusted to reflect additional or lesser amounts due on the final payment date. The actual amount of the final payment will depend upon whether Buyer makes payments on time. Early payments will have the effect of reducing the final payment, while late payments will cause it to be higher.

**ASSIGNMENT:** Buyer agrees that this Contract may be assigned by the Seller. Buyer agrees that if this Contract is assigned by the Seller, the Assignee shall have all rights of the Seller under this Contract.

**THE ANNUAL PERCENTAGE RATE MAY BE NEGOTIATED WITH THE SELLER. THE SELLER MAY ASSIGN THIS CONTRACT AND RETAIN ITS RIGHT TO RECEIVE A PART OF THE FINANCE CHARGE.**

**THERE ARE OTHER TERMS AND CONDITIONS ON THE REVERSE SIDE HEREOF WHICH ARE INCORPORATED HEREIN AND BINDING UPON YOU.**

**NOTICE TO BUYER OF USED VEHICLE:** THE INFORMATION YOU SEE ON THE WINDOW FORM FOR THIS VEHICLE IS PART OF THIS CONTRACT. INFORMATION ON THE WINDOW FORM OVERRIDES ANY CONTRARY PROVISIONS IN THE CONTRACT OF SALE.

### NOTICE TO THE BUYER OR CO-SIGNER

**DO NOT SIGN THIS CONTRACT BEFORE YOU READ IT OR IF IT CONTAINS BLANK SPACES. YOU ARE ENTITLED TO A COMPLETELY FILLED-IN COPY OF THE CONTRACT YOU SIGN.**

**BUYER:** By your signature, you acknowledge that you have read and understand both sides of this Contract, which was completely filled in prior to your execution hereof, and have received a fully executed copy thereof. You also acknowledge receipt of the Vehicle described above in good condition.

**CO-SIGNER:** By my signature, I acknowledge that I have read and understand both sides of this Contract. I agree to pay the debt in this Contract although I may not personally receive any property and I understand that Seller might demand payment from me before demanding payment from any other person or before Seller repossesses the Vehicle. I understand that I may be sued for payment although the Buyer hereunder is able to pay.

Buyer's Signature: *Marvin Orlando Moran*   Date: 02-25-2005
Buyer's Signature: _____ Date: _____

Co-Signer's Signature: _____ Date: _____
Co-Signer's Signature: _____ Date: _____

SELLER-CREDITOR:
Dealer's Signature: _____ Date: 02-25-2005
Title: _____

AMERICAN HONDA FINANCE CORPORATION
ORIGINAL

AHFC 100NC (SI) 9/04

## ADDITIONAL TERMS

**Prepayment**
Buyer has the right to pay this Contract in full at any time without penalty.

**Security Interest**
Buyer gives to Seller a Security Interest in the Vehicle and all accessories, which Security Interest secures the payment and performance of all obligations of Buyer under this Contract.

**Late Charge/Returned Payment Charge**
If a payment is more than 10 days late, Buyer will be charged 5% of the unpaid portion of the payment or $6.00, whichever is less.

Buyer will pay an administrative charge of $25.00 for any payment tendered that is dishonored for any reason by a depository institution.

**Insurance**
Buyer agrees to keep the Vehicle in good condition and fully insured against loss, theft or damage with Seller named as loss payee.

Buyer further agrees to have Seller named as loss payee on any insurance financed by Seller. Buyer agrees to remit to Seller within 10 days of receipt for application against the indebtedness under this Contract any premiums returned or rebated to Buyer and any proceeds of insurance financed by Seller that are paid to Buyer.

If Buyer fails to maintain adequate insurance, Seller may (but is not required to) purchase such insurance to protect Seller's interest in the Vehicle. Buyer understands and agrees that any insurance Seller purchases may be for the protection of only Seller's interest in the Vehicle, and that the insurance premiums may be higher if Seller must purchase insurance than if Buyer had purchased the insurance. Buyer will pay the cost of such insurance on demand, with finance charges at the rate stated in this Contract, and that amount shall become part of the debt secured by this Contract.

**Buyer's Agreements**
Buyer agrees to pay all amounts owing under this Contract even if the Vehicle is damaged, destroyed or missing. Buyer agrees to keep the Vehicle in good condition and will not make any alterations to the Vehicle without Seller's written consent. Buyer agrees not to take the Vehicle from the state where Buyer lives for more than 30 days without Seller's written consent, and will notify Seller immediately of any change in Buyer's address. Buyer will not sell, rent, lease or otherwise transfer any interest in the Vehicle, and will not assign Buyer's rights or obligations under this Contract. Buyer will not expose the Vehicle to misuse, seizure, or confiscation, or other involuntary transfer, even if the Vehicle was not the subject of judicial or administrative action. If Seller pays any repair bills, storage bills, taxes, fines, tickets or other charges on the Vehicle, Buyer agrees to repay the amount to Seller immediately upon demand.

**Buyer's Representations**
Buyer promises that Buyer has given true and correct information in the application for credit, and has no knowledge that would make that information untrue in the future. Seller has relied on the truth and accuracy of that information in entering into this Contract. Buyer promises that Buyer has given a true payoff amount on any Vehicle traded in. If that payoff is more than the amount shown in the Itemization of Amount Financed on the front of this Contract, Buyer will pay Seller the excess amount upon demand.

**Default**
Buyer will be in default hereunder and Seller can declare all or any part of the amount Buyer owes due and payable at once for any of the following reasons:

(1) Non-payment of indebtedness or non-performance of any obligations hereunder, when due.

(2) Failure to keep the Vehicle in good condition, or for making any alterations to the Vehicle without Seller's written consent.

(3) Breach of any of Buyer's obligations under this Contract.

**Repossession**
Buyer hereby irrevocably consents to any act, not prohibited by law, by the Seller or its Agents in entering upon any premises for the purpose of either (1) inspecting the Vehicle or (2) taking possession of the Vehicle after an event of default, without notice or demand or legal process.

Buyer agrees that in the event the Seller takes possession of the Vehicle in accordance with this Contract, Seller may store personal property found in the Vehicle at Buyer's expense. If Buyer does not claim the property within 10 days of repossession Seller may, as permitted by applicable law, dispose of the property in any manner Seller deems appropriate without liability to Buyer.

**Sale of Repossessed Vehicle**
If Seller repossesses the Vehicle, Seller can sell it and apply the money received to what Buyer owes. The sale will be governed by the Uniform Commercial Code and other applicable laws. Buyer agrees that Buyer will be liable for any deficiency incurred as a result of the sale or disposition of the Vehicle and Seller has the right to a deficiency judgment.

**Legal Fees and Other Expenses**
To the extent permitted by applicable law, Buyer will owe Seller for reasonable legal fees and collection expenses incurred to collect the amount Buyer owes upon default, either through repossession or other collection efforts. Such fees and expenses may be added to the balance owing on this Contract, together with finance charges at the rate applicable hereunder, from the date incurred. If Seller initiates litigation regarding this Contract, the prevailing party will be entitled to reasonable attorney's fees.

**Seller's Rights**
If Buyer fails to make any payments to others as required herein or fails to perform any of Buyer's obligations hereunder, Seller may make such payment or take such action as may be necessary on Buyer's behalf and add this cost to Buyer's account which will bear finance charges at the applicable rate hereunder from the date incurred.

Seller may delay enforcing any of Seller's rights under this Contract without losing them. Seller may apply any amount Seller receives from Buyer first to Seller's accrued charges. Seller may assign any of Seller's rights under this Contract without Buyer's consent.

**General Provisions**

(1) *Power of Attorney.* Buyer appoints Seller as Buyer's attorney-in-fact to execute any notices, financing or other statements in Buyer's name and to perform all other acts which are deemed appropriate to perfect or to continue perfection of the security interest.

(2) *Definitions.* In this Contract, the term "Buyer" includes each of the "Buyers" as well as all of them. The term "Seller" means the creditor identified on the front of this Contract, and the Assignee or any other holder of this Contract if Seller assigns this Contract.

(3) *Insurance Provisions.* Buyer authorizes Seller to collect any refund of insurance premiums and apply it against the Buyer's indebtedness under this Contract. Further, Buyer agrees that, if the Vehicle is lost or damaged, the Seller may use any insurance settlement to reduce what Buyer owes or to repair the Vehicle. If the Vehicle is repossessed, Buyer agrees that the Seller may claim benefits under any optional insurance or service contracts financed under this Contract, and may terminate any such contracts to obtain refunds for unearned charges.

(4) *Severability.* If any provision of this Contract should be invalid, illegal or unenforceable in any respect, the validity, legality and enforcement of the remaining provisions shall not in any way be affected or impaired.

(5) *Integration.* All of the agreements between the Buyer and Seller are set forth in this Contract and no modification of this Contract shall be valid unless it is made in writing and signed by the Buyer and Seller.

(6) *Applicable Law.* Questions about this Contract will be settled by North Carolina law except as modified by federal law and regulations.

---

**Notice**
ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**Seller's Assignment**
Seller hereby sells, assigns and transfers to the Assignee named below, its entire right, title and interest in this Contract, any security therefor and any guarantee, subject to the endorsement below and subject to any written agreement that is in effect between the Seller and Assignee.

Seller represents and warrants as follows:
1. This Contract is and will remain genuine, legally valid and enforceable.
2. The subject Vehicle has been delivered to the Buyer who has purchased same for his own use and benefit unless otherwise stated.
3. All of the facts set out in this Contract concerning total sale price, downpayment and trade-in are true.
4. We have complied in good faith with all disclosure requirements and provisions of state and Federal laws applicable to this Contract.
5. This written Contract is the entire agreement between Seller and Buyer.

All warranties are made to induce the Assignee to purchase this Contract. If there is a breach of any of the warranties or if Buyer asserts any defenses under this Contract, Seller will, on demand, repurchase this Contract for the balance remaining unpaid plus all losses and expenses paid or incurred by Assignee in connection with this Contract. Seller waives all demands and notices of default and consents that, without notice to Seller, Assignee may extend time to or compromise or release, by operation of law or otherwise, any right against the Buyer or any other obligor.

Assignee is American Honda Finance Corporation (AHFC) unless otherwise specified below:

**Seller's Endorsement**
The above assignment by Seller is made upon the endorsement and agreement indicated below:

☐ With Full Recourse and Unconditional Guarantee.
(INITIAL)

Seller guarantees payment of the unpaid balance on the said Contract as and when the same shall become due.

☐ Full Repurchase.
(INITIAL)

If AHFC repossesses the Vehicle, Seller will, upon AHFC's demand, pay AHFC the then unpaid balance, provided the Vehicle is offered to us within ninety (90) days after maturity of the earliest installment still wholly in default.

☒ Without Recourse.
(INITIAL)

☐ Limited Repurchase.
(INITIAL)

If Buyer fails to pay _____ installments, undersigned will repurchase the Vehicle upon repossession and will pay therefor the unpaid portion of the Total Balance.

☐ Partial Guarantee.
(INITIAL)

Undersigned, upon default of this Contract, will pay AHFC on demand $ _____.

Date of Assignment: 2/25/05

Seller's Name: SANFORD HONDA

Title: Office Mgr

Seller's Signature: _____
(Partner, Officer, or other Authorized Individual)

**Guarantee**
The undersigned jointly and severally guarantee the payment, when due, to any holder hereof of all amounts from time to time owing on this Contract. The undersigned waive notice of acceptance of this guarantee, of any extensions in time of payment, of sale of any Vehicle and of all other notices to which the undersigned would be otherwise entitled by law and agree to pay all amounts owing hereunder upon demand, without requiring any prior action or proceedings against Buyers.

Guarantor: _____

Guarantor: _____

AHFC 100NC (SI) 9/04

| | | | | | | |
|---|---|---|---|---|---|---|
| VIN | 5FNRL38405B051773 | | | Financed | 03/03/2005 | Tech | FDI |
| Status | **Perfected Title** **Scanned** | | | Work | 03/22/2005 | | |
| | | | | Imported | 12/16/2006 | | |
| Lienholder Status | | | | Added | 12/16/2006 | | |
| Borrower | MORAN, MARVIN O 3044 CORNSILK DR SANFORD, NC 27332-0000 | | | Perfected | 03/22/2005 | | |
| | | | | Payoff | / / | Tech | |
| | | | | Released | / / | | |
| Borrower Home Phone | (919) 777-5446 | | | Release Type | | | |
| | | | | Exported | / / | | |
| Borrower Work Phone | (919) 555-6100 | | | Response | / / | Code | |
| | | | | Deleted | / / | | |
| Branch | 01107 | Acct # | 00000066568877000 | Expires | 03/11/2011 | | |
| Loan # | | Suffix | | FDI Assigned User | | FDI Action Date | / / |
| Owner | MORAN, MARVIN O | | | Lienholder Assigned User | | Lienholder Action Date | / / |
| Lienholder | | | | | | | |
| Dealer ID | 00207925 | | | Misc. | | | |
| Year | | Make | | State | NC | **Scanned** | |
| License | | Title # | | | | | |
| Body | | Vehicle Type | VEH | | | | |
| Dealer | H | EOT Indicator | | | | | |
| | | CONVERSION | | | | | |
| Account Type | **Financed (Loan)** | Loan Type | **Vehicle** | | | | |